# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
September 26, 2007 Session

## STATE OF TENNESSEE v. RONALD FRANK WEBB

**Appeal from the Criminal Court for Cumberland County**
**No. 7796     Leon Burns, Jr., Judge**

---

**No. E2006-01793-CCA-MR3-CD - Filed March 12, 2008**

---

The defendant, Ronald Frank Webb, was convicted by a Cumberland County Criminal Court jury of driving under the influence, third offense, a Class A misdemeanor, for which the court sentenced him to eleven months and twenty-nine days, with 120 days to be served in jail at seventy-five percent release eligibility. The defendant claims on appeal that the trial court erred in giving lengthy and confusing instructions to the jury and in commenting that the instructions were confusing. We affirm the judgment of the trial court pursuant to Tennessee Court of Criminal Appeals Rule 20.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Thomas Harding Potter, Nashville, Tennessee, for the appellant (on appeal) and Larry M. Warner, Crossville, Tennessee (at trial), for the appellant, Ronald Frank Webb.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; William Edward Gibson, District Attorney General; and Douglas E. Crawford, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The defendant did not retain a court reporter for the trial, and we are limited to review of the statement of the evidence and the written instructions given to the jury. Additionally, no issue regarding the jury instructions was raised in the motion for new trial. The defendant claims he is entitled to relief as a matter of plain error.

We have reviewed the appellate record and the arguments of the parties. We hold that the defendant has failed to demonstrate that he is entitled to plain error relief on the basis that the instructions were erroneous or that the trial court's statements to the jury were prejudicial.

Otherwise, we note that the evidence is sufficient to sustain the verdict and that no error of law exists that would require a reversal of the judgment.  The judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE